**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA TERESA GOMES DE, | No. ED CV 26-4208-E |
| Petitioner, | |
| v. | ORDER FOR ENTRY OF JUDGMENT |
| FERETI SEMAIA, ETC., ET AL., | |
| Respondents. | |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus" ("the Petition") on July 28, 2026.  Respondents filed an Answer on August 7, 2026.  Petitioner filed a Reply on August 10, 2026.

**FACTUAL BACKGROUND**

Petitioner is a citizen of Venezuela and Portugal.  Petitioner entered the United States through the Visa Waiver Program ("VWP") on August 9, 2018.  Her VWP status authorized her to remain in the United States for 90 days.  Petitioner has remained in the United States much longer than 90 days.

On November 2, 2018, Petitioner's husband filed an application for asylum.  Petitioner asserts that this application "included both daughters and Petitioner as derivatives of his case" (Petition, p. 2).

Based on her Venezuelan citizenship, Petitioner was granted temporary protected status on February 23, 2022.  This status was terminated on September 10, 2025.

On July 13, 2026, ICE arrested Petitioner pursuant to an administrative warrant.  No later than the following day, July 14, 2026, Petitioner received an explanation for the detention when she was shown a "Visa Waiver Program (VWP) Notice to Alien Ordered Removed/Departure Verification" (Declaration of Petitioner, filed August 10, 2026, ¶ 12).

On August 4, 2026, Petitioner notified Respondent that Petitioner now intends to file an application for asylum on her own behalf.  Apparently based on this stated intention, Respondents have referred Petitioner's case to an immigration judge.  A hearing before an immigration judge is scheduled to occur on August 18, 2026.

## SUMMARY OF PARTIES' CONTENTIONS

Petitioner contends that her arrest and detention violated her statutory and constitutional rights and Petitioner is now entitled to immediate release.  Respondents deny any illegality and contend that Petitioner's current detention is mandatory under the law.

## DISCUSSION

Neither Petitioner's nor Respondents' contentions are entirely correct.

///
///

To obtain permission to enter and remain in the United States for a 90-day period under the VWP, an alien must waive any right "to contest, other than on the basis of an application for asylum, any action for removal of the alien." 8 U.S.C. § 1187(b). An alien admitted under the VWP who remains in the United States longer than 90 days may be removed "without referral of the alien to an immigration judge for a determination of deportability," except "an alien who was admitted as a Visa Waiver Program visitor who applies for asylum in the United States. . . ." 8 C.F.R. § 272.4(b)(1) (emphasis added). Contrary to Petitioner's arguments, there exists no removal exception for a VWP visitor who is related to an asylum applicant. See id.; cf. Momeni v. Chertoff, 521 F.3d 1094 (9th Cir. 2008) (alien admitted under the VWP generally may not avoid removal based on the status of a spouse).[1] Nor is there any exception for an alien whose former temporary protected status no longer exists. See id.

Petitioner's July 13, 2026 arrest and detention did not violate her statutory or constitutional rights. Although Petitioner argues that ICE failed fully to comply with certain internal policy directives, Petitioner has failed to demonstrate that any such alleged failures effected any material violation of her legal rights. Petitioner previously waived her right to contest removal. Within a day after her arrest she received an explanation for the cause thereof. She has no right to be heard in opposition to removal other than as a consequence of her own asylum application, which she has indicated she intends to file but which was not on file at the time of her arrest.

Even so, assuming (as the Court assumes) Petitioner now will file an asylum application in accordance with her stated intention, Petitioner's continuing detention will not be mandatory. Petitioner will be entitled to a bond hearing before an immigration judge as a matter of both statutory and constitutional law. In arguing the contrary, Respondents cite

---

[1] The Ninth Circuit allowed a narrow exception to this principle in Freeman v. Gonzales, 444 F.3d 1031 (2005) under unusual and tragic circumstances not present here.

Matter of A-W-, 25 I.&N. Dec. 45 (BIA, 2009).  The citation is unpersuasive.  "Several courts across the country have held that the A.[W.] interpretation is arbitrary and capricious, and that 8 C.F.R. § 1236.1(b) authorizes DHS to delegate to an immigration judge the authority to set bond for Visa Waiver Program participants."  Cummins v. Becerra, 2025 WL 3724525, at *4 n.1 (E.D. Cal. Dec. 23, 2025) (and cases cited therein).  "Section 1187 [of Title 8 U.S.C.] governs the terms of admission and the scope of judicial review available to VWP entrants, but it does not independently authorize their detention."  He v. Figueroa, 2026 WL 2268165, at *3 (D. Ariz. July 15, 2026), adopted, 2026 WL 2256114 (D. Ariz. Aug. 5, 2026).  VWP entrants in Petitioner's circumstances are entitled to an individualized bond hearing under 8 U.S.C. section 1226(a).  See id.; accord Novac v. Bernacke, 2026 WL 1623191, at *2-4 (D. Nev. June 5, 2026); Quispe v. Chestnut, 2026 WL 654577, at *2-3 (E.D. Cal. March 9, 2026).  A due process analysis applying the Mathews v. Eldridge factors to Petitioner's circumstances would also reach the conclusion Petitioner will be entitled to a bond hearing.  See, e.g., Quispe v. Chestnut, 2026 WL 654577, at 3-5.

**CONCLUSION**

It is ordered that the Judgment be entered granting the Petition in part and requiring Respondents to provide Petitioner (A# 201-371-851) with a bond hearing before an immigration judge within fourteen (14) days at which the burden will be on the Government to justify Petitioner's detention through clear and convincing evidence that Petitioner is an unacceptable danger or an unacceptable risk of flight.[2]

///

///

///

///

---

[2]  Petitioner has failed to justify any different or additional form of habeas relief.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE